**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re

CUSTOMS AND TAX ADMINISTRATION OF
THE KINGDOM OF DENMARK (SKAT) TAX
REFUND SCHEME LITIGATION

This document relates to: 18-cv-04833
                         18-cv-07824
                         18-cv-07827
                         18-cv-07828
                         18-cv-07829

MASTER DOCKET

18-md-2865 (LAK)

## MEMORANDUM OF LAW IN
## SUPPORT OF PLAINTIFF SKAT'S MOTION TO APPROVE ALTERNATIVE SERVICE

Plaintiff SKAT, which is the Customs and Tax Administration of the Kingdom of

Denmark ("SKAT"), by and through its undersigned counsel and pursuant to Federal Rule of

Civil Procedure 4(h), hereby submits this Memorandum of Law in Support of its Motion to

Approve Alternative Service on Defendants Headsail Manufacturing LLC Roth 401K Plan,

Aerovane Logistics LLC Roth 401(K) Plan, Edgepoint Capital LLC Roth 401(K) Plan, The

Random Holdings 401K Plan, and Raubritter LLC Pension Plan.  SKAT respectfully requests

that the Court: (1) deem the methods by which SKAT has already effected service sufficient; or,

in the alternative, (2) permit SKAT to effect service by other means and grant SKAT an

additional extension of 60 days to effect service by such means.

## BACKGROUND

This multidistrict litigation concerns a fraudulent scheme by pension plans and their

representatives through which they defrauded the Danish government of approximately

$2.1 billion USD.  To date, 141 pension plans have been sued in federal court, along with their

representatives and related individuals, in 140 separate actions.  Pension plan defendants

Headsail Manufacturing LLC Roth 401K Plan ("Headsail"), Aerovane Logistics LLC Roth 401(K) Plan ("Aerovane"), Edgepoint Capital LLC Roth 401(K) Plan ("Edgepoint"), The Random Holdings 401K Plan ("Random Holdings"), and Raubritter LLC Pension Plan ("Raubritter" and, collectively, the "Plan Defendants") are the only defendants sued to date as to which service is outstanding.  In the great majority of the other actions, counsel representing the plans' representatives also represent the defendant plans and waived service on behalf of those plans.  It is only in these five cases that counsel for the Plan Defendants' representatives, Robert Klugman and Adam LaRosa, do not represent the Plan Defendants and have not agreed to accept service on behalf of the Plan Defendants.

**SKAT's Efforts to Serve the Plan Defendants**

SKAT has made a sustained, multi-pronged effort to serve the Plan Defendants.  In their claims for refunds of dividend withholding tax, the Plan Defendants provided SKAT with little information useful in attempting service – only the name and address of each plan.  SKAT used and expanded on that information in its attempts to serve the Plan Defendants to date.

First, SKAT engaged process servers to attempt to serve the Plan Defendants at the addresses listed in their refund requests.  In each case, the process servers learned or were told that the Plan Defendants no longer occupied the address.[1]  SKAT also supplemented its attempts

---

1.  *See* Declaration of Sarah L. Cave dated October 29, 2018 ("Cave Decl."), ¶ 3, Exs. 1-6 (SKAT's initial motions for extensions to effect service on the Plan Defendants and the affidavits of attempted service setting forth SKAT's attempts at service).  SKAT engaged process servers from Target Research & Investigation to attempt personal service at the addresses provided by the Plan Defendants.  Defendants Headsail, Aerovane, and Edgepoint all share the same address of 425 Park Avenue, New York, New York 10022.  On July 27, 2018, a process server attempted service and found the address to be under construction and currently vacant.  (Cave Decl. ¶¶ 4-6, Exs. 1-3.)  On July 30, 2018, a process server attempted service on Defendant Random Holdings at its address, 200 Henry Street, Apartment 1501, Stamford, Connecticut 06902, and received no response after ringing the doorbell and knocking on the door.  The process server also entered the names of Random Holdings and its representative, Mr. Klugman, in the building's electronic directory, and neither name was listed.  (Cave Decl. ¶ 7, Ex. 5.)  On June 21, 2018, a process server attempted to serve Defendant Raubritter at its address, 160 Central Park South, Suite 1726, New York, New York 10019.  The process server rang the doorbell and

at service by mailing copies of the relevant filings to the addresses furnished by the Plan

Defendants.  (*See* Cave Decl. at ¶ 9.)

SKAT then sought to serve the Plan Defendants by requesting that counsel for the Plan

Defendants' representatives, who are also defendants in these five cases, Mr. Klugman and Mr.

LaRosa, accept service.  Defendant Klugman is represented by David L. Goldberg, Esq. of

Katten Munchin Rosenman LLP and Defendant LaRosa is represented by Edward M. Spiro, Esq.

of Morvillo, Abramowitz, Grand, Iason & Anello PC.  In their refund requests to SKAT,

Defendant Klugman identified himself as agent of Edgepoint, Headsail, Random Holdings, and

Aerovane,[2] and Defendant LaRosa identified himself as agent of Raubritter.[3]  Counsel for

Defendants Klugman and LaRosa declined to accept service on behalf of the Plan Defendants.

(*See id.* at ¶¶ 16-19.)

Following these efforts, SKAT applied to this Court and to the District of Connecticut,

where four of these actions were pending at the time,[4] for orders extending SKAT's time to serve

---

knocked on the door but received no response; a building concierge later informed the process server that Raubritter was not listed as a resident or owner in the building.  (Cave Decl. ¶ 8, Ex. 6.)

2.   As alleged in the Complaints, Defendant Klugman represented himself as the "Authorized Representative" on behalf of Defendants Edgepoint and Random Holdings, the "Trustee" on behalf of Defendant Headsail, and as the "Duly authorized signatory" on behalf of Defendant Aerovane in the refund claims these plans submitted to SKAT.  (*See* Cave Decl. ¶ 16; Complaint ¶ 40, *SKAT v. Edgepoint Capital LLC Roth 401K Plan, et al.*, Case No. 3:18-cv-877 (D. Conn.) (Dkt. No. 1) (May 24, 2018; Complaint ¶ 40, *SKAT v. Random Holdings 401K Plan, et al.*, Case No. 3:18-cv-758 (D. Conn.) (Dkt. No. 1) (May 4, 2018); Complaint ¶ 40, *SKAT v. Headsail Manufacturing LLC, et al.*, Case No. 3:18-cv-984 (D. Conn.) (Dkt. No. 1) (June 12, 2018); Complaint ¶ 40, *SKAT v. Aerovane Logistics LLC Roth 401K Plan, et al.*, 3:18-cv-757 (D. Conn.) (Dkt. No. 1) (May 4, 2018).)

3.   Mr. LaRosa represented himself as the "authorised signer" on behalf of Defendant Raubritter in the refund claims it submitted to SKAT.  (*See* Cave Decl. ¶ 18; Complaint ¶ 40, *SKAT v. Raubritter LLC Pension Plan, et al.*, 1:18-cv-4833 (S.D.N.Y.) (Dkt. No. 1) (May 31, 2018).)

4.   The actions against Headsail, Aerovane, Edgepoint, and Random Holdings were originally filed in the District of Connecticut and subsequently transferred to this Court.  (*See* Cave Decl. ¶ 20; Order of Transfer, *SKAT v. Headsail Manufacturing LLC, et al.*, Case No. 3:18-cv-984 (D. Conn.) (Dkt. No. 14); Electronic Order Granting Motion to Transfer, *SKAT v. Aerovane Logistics LLC Roth 401K Plan, et al.*, 3:18-cv-757 (D. Conn.) (not docketed); Electronic Order Granting Motion to Transfer, *SKAT v. Edgepoint Capital LLC Roth 401K Plan, et al.*, Case No. 3:18-cv-877 (D. Conn.) (not docketed); Electronic Order Granting Motion to Transfer, *SKAT v. Random Holdings 401K Plan, et al.*, Case No. 3:18-cv-758 (D. Conn.) (not docketed).)

the Plan Defendants.  SKAT's applications were granted, and SKAT's deadlines to effect service were adjourned to the following dates: October 31, 2018 to serve Defendant Aerovane and Defendant Random Holdings; November 20, 2018 to serve Defendant Edgepoint; November 26, 2018 to serve Defendant Raubritter; and December 9, 2018 to serve Defendant Headsail.  (*See* Cave Decl. at ¶ 21.)

After the orders granting the extensions, SKAT continued its efforts to effect service. Working at SKAT's direction, a private investigation firm conducted searches of relevant online databases in order to obtain information about the Plan Defendants.  (*Id.* at ¶ 10.)  Searches were performed on the Delaware Department of State Division of Corporations Entity Search.  For the plans with Connecticut and New York addresses, searches were performed on the Connecticut Secretary of State's Online Filing System and the New York Department of State Division of Corporations website, respectively, along with searches through additional Internet databases. (*See id*. at ¶ 10 & Exs. 7-11.)   These searches revealed information about entities that are apparently related to the Defendant Plans.

For Defendants Headsail, Aerovane, and Edgepoint, the searches by SKAT's investigation firm revealed the names and addresses of apparently-related entities, Headsail Manufacturing LLC, Aerovane Logistics LLC, and Edgepoint Capital LLC, respectively.  Each of these entities had a business address at 1811 Silverside Road, Wilmington, Delaware 19801 and listed the address of their managing member, Roger Klugman, at 75 Tresser Boulevard, 411, Stamford, Connecticut 06901.  (*Id.* at ¶¶ 11-13 & Exs. 7-9.)  For Defendant Random Holdings, SKAT identified an entity named Random Holdings LLC.  SKAT's investigation into this entity revealed only one address, that of its registered agent at 600 N. King Street Suite 400, Wilmington, Delaware 19801.  (*Id.* at ¶ 14 & Ex. 10.)  For Defendant Raubritter, SKAT

identified the entity Raubritter LLC, which, further research revealed, changed its name to Heartland Manufacturing LLC.  (*Id*. at ¶ 15 & Ex. 11.)  SKAT's investigation into this entity revealed two addresses for its registered agent at 919 North Market Street, Suite 950 Wilmington, Delaware 19801 and One Commerce Center, 1201 Orange Street #600, Wilmington, Delaware 19899.  (*Id*. at ¶ 15 & Ex. 11.)

SKAT has now mailed service packages containing the summons and complaint in each action, as well as the four Pretrial Orders that this Court has issued, to each address it has located for these potentially related entities.  (*See id*. at ¶¶ 11-15.)

## **ARGUMENT**

### I.    **SKAT's Methods of Serving the Plan Defendants Should Be Deemed Sufficient.**

When typical methods of service "prove impracticable, service that is reasonably calculated" to alert interested parties to the pendency of the action will suffice.  *D.R.I., Inc. v. Dennis*, No. 03 CIV. 10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004).  The determination of whether service is impracticable "depends upon the facts and circumstances of the particular case."  *S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999).  Here, SKAT's diligent efforts to serve the Plan Defendants were reasonably calculated to give the Plan Defendants notice of the claims against them in this litigation and should be deemed effective service.

The efforts that SKAT has undertaken here are comparable to those Judge Koeltl deemed effective service in *Ransome v. Epstein*, No. 17-cv-616, 2018 WL 637421 (S.D.N.Y. Jan. 30, 2018).  There, the plaintiff attempted to serve the defendant by retaining a private investigation firm to attempt service, emailing the service documents to several addresses associated with the defendant, and attempting to serve the defendant's lawyer in another matter.  Judge Koeltl found that these steps were "reasonably calculated" to apprise the defendant of the pendency of the

action against her, and deemed service complete. *Id*. at *2 (quoting *Bozza v. Love*, No. 15-CV-3271 (LGS), 2015 WL 4039849, at *2 (S.D.N.Y. July 1, 2015)).

SKAT has put the Plan Defendants on notice of the claims against them in this action in multiple ways, including: (1) hiring process servers to attempt to serve the Plan Defendants at the addresses they furnished to SKAT; (2) mailing service packets to those same addresses; (3) inquiring with counsel for Defendants Klugman and LaRosa about whether their clients would accept service on behalf of the Plan Defendants;[5] and (4) conducting searches to identify entities potentially related to the Plan Defendants, and mailing service packages to addresses affiliated with these entities. (*See supra* pp 2-5.) These efforts were calculated to notify the Plan Defendants of the existence of these actions and should be deemed as sufficient, completed service.

## II.    In the Alternative, the Court Should Permit SKAT to Effect Service by Additional Alternate Means and Grant an Additional Extension to Do So.

In the alternative, SKAT requests the Court to direct such other methods of service as the Court may find appropriate, such as publishing notice of the actions in local newspapers in New York and Connecticut, where the Plan Defendants claimed to have addresses. Courts consistently direct or approve alternative methods of service where regular service has been deemed impracticable. *See D.R.I., Inc. v. Dennis,* No. 03 CIV. 10026 (PKL), 2004 WL 1237511 (S.D.N.Y. June 3, 2004) (permitting service by publication in local newspaper after plaintiff attempted to serve defendant at addresses obtained through "skip trace" search to no avail); *Micco v. Conagra Foods, Inc.*, No. 16-cv-6140, 2016 WL 6839465 (W.D.N.Y. Nov. 21, 2016)

---

5. Defendants Klugman and LaRosa were authorized agents of the Plan Defendants. Even though they have not accepted service on behalf of the Plan Defendants, their presence and participation in these proceedings further establishes that the Plan Defendants have been alerted to SKAT's claims.

(permitting service on lawyer who appeared once for defendant after plaintiff unsuccessfully attempted to serve defendant several times using local sheriffs' departments and Internet searches); *Rampersad v. Deutsche Bank Secs., Inc.*, No. 02 Civ. 7311 (LTS) (AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (authorizing alternative service under the CPLR when plaintiff was unable to determine defendant's residence or place of business after "extensive Internet searches" and inquiries with defendant's former clients).  Other methods of service having been exhausted as described above, allowing SKAT to effect service on the five remaining Plan Defendants by an alternative method, such as publication, pursuant to Fed. R. Civ. P. 4(h)[6] is justified.

If the Court finds that SKAT's efforts to date have not been sufficient, SKAT requests, pursuant to Fed. R. Civ. P. 4(m), a further extension of 60 days to continue to employ these additional alternative methods to effect service on the Plan Defendants.  In the event of an additional extension of 60 days, the adjourned deadlines for SKAT to effect service would be as follows: December 30, 2018 to serve Defendant Aerovane and Defendant Random Holdings; January 19, 2019 to serve Defendant Edgepoint; January 25, 2019 to serve Defendant Raubritter; and February 7, 2019 to serve Defendant Headsail.

### CONCLUSION

For the reasons set forth above, SKAT respectfully requests that the Court: (1) deem the methods by which SKAT has already effected service sufficient; or, in the alternative, (2) permit

---

6.    Fed. R. Civ. P. 4(h)(1)(A) provides that a corporation, partnership, or association can be served in the same manner as that prescribed by Rule 4(e)(1) for serving an individual.  Rule 4(e)(1) in turn provides that service may be made by following state law for serving a summons in the state where the district is located.  New York state procedure states that, where service upon a person, domestic or foreign corporation, limited liability corporation, or partnership is impracticable, service may be made in such manner as the court directs.  N.Y. CPLR §§ 308(5), 310(e), 310-a(b), 311(b), 311-a(b).  The federal and state rules do not expressly address service of pension plans.

SKAT to effect service by other means and grant SKAT an additional extension of 60 days to

effect service by such means.

Dated: New York, New York
         October 29, 2018

HUGHES HUBBARD & REED LLP

By:_____/s/ Sarah L. Cave_____
       William R. Maguire
       Marc A. Weinstein
       Sarah L. Cave
       John T. McGoey
   One Battery Park Plaza
   New York, New York 10004-1482
   Telephone: (212) 837-6000
   Fax:  (212) 422-4726
   bill.maguire@hugheshubbard.com
   marc.weinstein@hugheshubbard.com
   sarah.cave@hugheshubbard.com
   john.mcgoey@hugheshubbard.com

   *Counsel for Plaintiff SKAT (Customs and Tax*
   *Administration of the Kingdom of Denmark)*