

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

February 12, 2025

**VIA ECF & HAND DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

Dear Judge Kaplan:

        We write on behalf of plaintiff Skatteforvaltningen ("SKAT") to provide the Court with SKAT's proposed judgments, enclosed herewith, for the trial one cases.

        SKAT proposes that the Court enter four judgments, principally because for the actions arising from the so-called "friends and family" plans' refund claims, SKAT's claims against the defendants other than Mr. Markowitz and Mr. van Merkensteijn, *i.e.*, the friends and family and their pension plans, were not consolidated as part of trial one. As such, the judgment the Court enters with respect to SKAT's claims against Mr. Markowitz and Mr. van Merkensteijn in those cases will not be a final judgment, absent the Court's "express[] determin[ation] that there is no just reason for delay," because it will not adjudicate "all the claims" and "the rights and liabilities" of "all the parties." Fed. R. Civ. P. 54(b). Thus, SKAT proposes that the Court enter a separate judgment (Exhibit 1 hereto) with respect to the claims against Mr. Markowitz and Mr. van Merkensteijn in those cases, which SKAT intends to move the Court pursuant to Rule 54(b)

---

1. This letter relates to the trial one cases: 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

to certify as a final judgment.[2]  SKAT proposes that the Court enter three separate judgments (Exhibits 2, 3, and 4, hereto) covering the cases where the judgment will be final upon entry because it resolves all the claims against all the parties in those cases, *i.e.*, one for SKAT's action against Mrs. Markowitz and her Calypso Investments plan, one for the action against Mrs. van Merkensteijn and her Azalea plan, and a third covering SKAT's claims in its cases against Mr. Markowitz or Mr. van Merkensteijn and the plans in which they were the participants.

In each of the proposed judgments, SKAT has included prejudgment interest at the rate of nine percent per annum, pursuant to CPLR sections 5001, 5002, and 5004, calculated for the fraud and negligent misrepresentation damages from the date of each refund payment to today. For the unjust enrichment, money had and received and payment by mistake damages, SKAT has calculated the prejudgment interest to which it is entitled from the date of the last refund payment SKAT paid to the plan at issue. *Cf. U.S. Fire Ins. Co. v. Federal Ins. Co.*, 858 F.2d 882, 990 (2d Cir. 1988) (noting that courts have "recognized that a plaintiff who recovers for breach of a contract implied by the court is entitled to interest as of right under § 5001(a)" and "the history of" that section also "supports the conclusion that a plaintiff who recovers under an implied contract was meant to recover predecision interest as a matter of law").[3]  The proposed judgments also convert SKAT's damages for its fraud and negligent misrepresentation claims from Danish kroner to U.S. dollars based on today's prevailing exchange rate.

Finally, SKAT's proposed judgments for the time being leave blank the amount of any reductions of the amounts awarded to which the defendants may be entitled under section 15-108 of the New York General Obligations Law and the total judgment values.  SKAT has entered multiple settlements that may implicate that provision, each of which includes different sets of plans that overlap only partially, and to different extents, with the plans at issue at trial one.  Due to that complexity, SKAT requires additional time to determine the amount of any such reductions and proposes providing such reductions to defense counsel by February 17 in an effort to reach agreement on such reductions.  SKAT proposes to provide the Court with its proposed reductions by February 20 and will inform the Court at that time whether the parties are in agreement on the proposed amounts.

Respectfully submitted,

/s/ Marc A. Weinstein
Marc A. Weinstein

cc: all counsel of record (via ECF)

---

2. Pursuant to the Joint Stipulation between SKAT and John van Merkensteijn, this proposed judgment includes a reduction of the amount of the unjust enrichment damages against Mr. van Merkensteijn by $47,388.59. (PX2291, ECF No. 1415.)

3. SKAT proposes to provide updated prejudgment interest amounts running until the date of entry of the judgments at the Court's convenience.