**Hughes Hubbard & Reed**

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

BY ECF

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

Granted. SO ORDERED.

/s/ Lewis A. Kaplan (mab)
Hon. Lewis A. Kaplan, U.S.D.J.
Dated: September 6, 2022

Re: *In Re: Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litig.*, 18-md-02865 (LAK); *Skatteforvaltningen v. Raubritter LLC Pension Plan, et al.*, 18-cv-04833

Dear Judge Kaplan:

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this letter motion, pursuant to Federal Rule of Civil Procedure 6(b), requesting a 90-day extension of the deadline to substitute defendant Alexander Burns in the case captioned *Skatteforvaltningen v. Raubritter LLC Pension Plan, Alexander Burns, Richard Markowitz, & John van Merkensteijn*, 18-cv-04833 (LAK).

On June 9, 2022, Mr. Burns' counsel filed a Suggestion of Death, (ECF No. 198, 18-cv-04833; ECF No. 810, 18-md-02865), thereby triggering a September 7, 2022 deadline for SKAT to move to substitute a proper party in place of Mr. Burns. Federal Rule of Civil Procedure 25(a)(1). Courts have discretion, however, to extend this deadline on a showing of "good cause." *See, e.g., Go v. Rockefeller Univ.*, No. 04-cv-4008 (JSR/HBP), 2013 WL 3816700, at *4 (S.D.N.Y. July 19, 2013) (citation omitted). Generally, "an inability or a significant difficulty in identifying [the decedent's] legal representative or successor" constitutes "good cause" to enlarge the 90-day time period within which to file a motion to substitute. *Id.* at *3 (citation omitted).

The proper party for substitution in this case is a representative of the estate of Mr. Burns. *See Wagley v. JPMorgan Chase Bank, N.A. as trustee of Mary Penney Wagley Irrevocable Tr.*, No. 18-cv-8668 (PGG), 2021 WL 1406001, at *1 (S.D.N.Y. Apr. 13, 2021). However, the Probate Court of Charleston County, South Carolina, which holds jurisdiction over Mr. Burns' estate, has not yet appointed such a representative. *See In re Alexander Chatfield Burns*, No. 2021-ES-10-02273 (Charleston Cty. S.C. Probate Ct.). Under the laws of South Carolina, the estate cannot be sued (or substituted as a party in the *Raubritter* case) until a representative is appointed to administer it. *See* S.C. Code § 62-3-804(6) ("no claim against a decedent's estate