# Exhibit 39

CERTIFIED TRANSLATION

# Lov om finansiel virksomhed med kommentarer
*(Financial Business Act with comments)*

Year of publication: Online version updated every year (2019)
Authors: Thomas Brenøe, Merete Hjetting, Marianne Simonsen og Malene Stadil
Published by: Karnov Group Denmark A/S

Note 9-13

The provision allows securities traders to hold securities of several clients in the same deposit (collective depository). The provision does not cover derivative financial instruments, as these are designed as contracts between two parties and should thus not be held as securities.

The provision is a continuation of the former section 6, subsection 3 in The Danish law on securities trading. In the explanatory notes to this regulation in L 1995 1072, the requirement for the information that the securities dealer was to provide to his client on the legal effects of the storage of securities in a collective account was stated as follows:

»The requirement in subsection 3, that the client must be informed about his legal position by placing his assets in a collective account instead of an individual account in a central securities depository therefore means, that it must be made clear to the client, that he will not be covered by the compensation scheme under section 80 and 81 of the proposal [the liability of the central securities depository and an account operator], respectively, which will only be relevant for a collective account as a whole, but not for the individual ownership registered in the depositary's internal system. «

The distinction between collective accounts and individual accounts is not relevant for foreign accounts, as foreign accounts can never be covered by the protection rules in the Capital Markets Act.

The provision or comments do not specify specific formal requirements for the consent.

For example, it can be associated with great difficulties in foreign deposits to separate investors' holdings of securities from the Danish securities dealer's own holdings. In some foreign markets, it is thus associated with great difficulties to transfer securities from a securities dealer's deposit to an investor's deposit. The Danish Financial Supervisory Authority may grant permission to maintain collective deposits if this is deemed impossible or associated with disproportionate difficulties or uncertainties to make a segregation into several deposits in the foreign system. (Bem L 2003 453)

For owners of securities, it is crucial, that the owner, in the event of the securities traders' bankruptcy can withdraw his securities from the bankruptcy as a secured creditor. According to Danish law a prerequisite for this is that the client's securities are segregated. In collective deposits the segregation takes place by the securities trader keeping a register in which the individual's ownership of the registered securities is unambiguously stated. The provision is based on the requirement that the individual securities trader's register must be accurate so that the investor can withdraw his securities in the event of the securities trader's bankruptcy or suspension of payments.

Note 9-13

Bestemmelsen giver mulighed for, at værdipapirhandlere kan opbevare flere kunders værdipapirer i samme depot (samledepot). Bestemmelsen omfatter ikke afledte finansielle instrumenter, da disse er udformet som kontrakter mellem to parter og derfor ikke skal opbevares som værdipapirer.

Bestemmelsen er en videreførelse af den tidligere § 6, stk. 3, i lov om værdipapirhandel. I bemærkningerne til denne bestemmelse i L 1995 1072 var kravet til den information, som værdipapirhandleren skulle give sin kunde om retsvirkningerne af opbevaring af værdipapirer på en samlekonto, angivet således:

»Kravet i stk. 3 om, at kunden skal informeres om sin retsstilling ved at placere sine fondsaktiver på en samlekonto i stedet for en individuel konto i en værdipapircentral betyder derfor, at det skal gøres klart for kunden, at denne ikke vil være dækket af erstatningsordningen efter §§ 80 og 81 i forslaget [henholdsvis en værdipapircentrals og et kontoførende instituts erstatningspligt], der i givet fald kun vil være relevant for en samlekonto som helhed, men ikke for de enkelte ejerforhold registreret i depositarens interne system.«

Sondringen mellem samledepoter og individuelle depoter er ikke relevant for udenlandske depoter, da udenlandske depoter aldrig kan være omfattet af beskyttelsesreglerne i kapitalmarkedsloven.

Der er ikke i bestemmelsen eller bemærkningerne angivet særlige formkrav til samtykket.

Det kan eksempelvis være forbundet med store vanskeligheder i udenlandske depoter at adskille investorernes beholdning af værdipapirer fra den danske værdipapirhandlers egenbeholdning. På enkelte udenlandske markeder er det således forbundet med store vanskeligheder at overføre værdipapirer fra en værdipapirhandlers

depot til en investors depot. Finanstilsynet kan give tilladelse til at føre fælles depoter, såfremt det skønnes umuligt eller forbundet med uforholdsmæssigt store vanskeligheder eller usikkerhedsmomenter at foretage en opdeling i flere depoter i det udenlandske system. (Bem L 2003 453)

For ejere af værdipapirer er det afgørende, at ejeren i tilfælde af værdipapirhandlerens konkurs kan udtage sine værdipapirer af konkursboet som separatist. En forudsætning herfor er efter dansk ret, at kundens værdipapirer er individualiseret. Ved samledepoter sker individualiseringen ved, at værdipapirhandleren fører et register, hvor de enkeltes ejendomsret til de registrerede værdipapirer entydigt fremgår.
Bestemmelsen er begrundet i kravet om, at den enkelte værdipapirhandlers register skal være retvisende for, at investoren kan udtage sine værdipapirer i tilfælde af værdipapirhandlerens konkurs eller betalingsstandsning.

I, the undersigned, Julie Marie Christiansen, certify that I am fluent in both the English and Danish languages and that the preceding text in the English language is to the best of my knowledge and belief a true and faithful translation of the attached extract from the Danish textbook, Online Version Lov om finansiel virksomhed med kommentarer in the Danish language.

Copenhagen, June 6, 2022

Julie Marie Christiansen

Assistant Attorney, LLM