**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case nos.:<br>18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713; 21-cv-05339. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING NET SETTLEMENT**

HUGHES HUBBARD & REED LLP
William R. Maguire
Marc A. Weinstein
Neil J. Oxford
Dustin P. Smith
Gregory C. Farrell
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*

281519517_6

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this memorandum of law in support of its motion *in limine* to exclude under Federal Rules of Evidence 402 and 403 argument suggesting that the Solo custodians could have "net settled" the defendants' supposed share purchases without the cash or shares needed to do so, and any evidence or cross-examination intended to support such impermissible argument.

Defendants' expert Dr. Emre Carr proposed to testify that the Solo custodians could have "net settled" the defendants' supposed share purchases without the cash or shares needed to do so. On August 6, 2024, the Court excluded Dr. Carr's proposed testimony that the "defendant pension plans became, or could have become, beneficial owners of Danish securities through trades settled internally by a custodian *without respect for whether that custodian held any shares of that security*" as both "unreliable and irrelevant." (ECF No. 1118 at 1 (emphasis in original).) The Court held (again) that "'if a seller does not have any ownership rights in, for instance, a share, the seller cannot convey any ownership rights to a purported buyer,'" so "if the short sellers from whom 'defendants purportedly purchased shares' 'never owned the shares,' then defendants could not have 'beneficially owned the shares.'" (*Id.* at 2 (quoting *In re Customs & Tax Admin. of the Kingdom of Denmark (SKAT) Tax Refund Litig.*, No. 18-cv-04051, 2023 WL 8039623, at *8-9 (S.D.N.Y. Nov. 20, 2023)).)

It is clear that Dr. Carr was not the only means by which defendants intended to present this rejected argument to the jury. For example, defendants have argued that the testimony of VP Securities representative Helen Sorensen about how settlement works at VP Securities, the Danish central securities depository, supported Dr. Carr's opinions. And that the same is true

with respect to SKAT's answer to an interrogatory defendants posed concerning its practice of permitting Danish companies to net tax credits and dividend withholding tax due.[1]

The evidence on which defendants relied to support their expert's excluded opinions concerning "net settlement" at VP Securities and SKAT's practice of allowing Danish companies to net tax credits and debits is likewise irrelevant and should be excluded too. At her deposition, defendants' repeatedly asked Ms. Sorensen questions about trade settlement and reporting to VP Securities.[2] None of this testimony has any relevance to any issue in this case. None of defendants' purported Danish share trades resulted in a settlement at VP Securities. Nor do defendants contend otherwise. Thus, the only purpose of such testimony would be to confuse the jury into thinking, contrary to the Court's order excluding Dr. Carr's testimony, that supposed net settlements by the Solo custodians could have made the defendant plans the beneficial owners of shares, irrespective of whether the sellers ever had or delivered any shares.[3]

---

1. *See* Defs. Mem. in Opp. to SKAT's Mot. to Exclude the Testimony of Dr. Emre Carr ("Defs. Carr Opp."), ECF No. 1086 at 3, 7.

2. *See, e.g.*, Declaration of Marc A. Weinstein, dated Aug. 15, 2024 ("Weinstein Decl."), Ex. 1 (Sorensen Sept. 21, 2021 Dep. Tr.) 74:19-75:22 (Q: "So the broker is using one securities account for multiple investors, and two of those investors are the ones who buy and sell the same number of shares of Novo on the same day." . . . A: "And that securities account is registered with VP Securities?" Q: "Correct."  A: "Then the [broker] would not need to send in settlement instructions." Q: "Can you explain what it means to net transactions?" A: "Yeah. Let me try. During the day, a lot of purchase and selling can happen in one ISIN code for different investors. And if all of the holdings are registered in the same securities account, then it's possible to the participant to net all of the settlement instructions into one settlement instruction, which the sum . . . of all of these. So both the amount of securities that needs to exchange hands, but also the amount of liquidity that is needed is as low as possible, . . . meaning that the settlement instruction is based on . . . the minimal amount of securities and cash needed."); Ex. 2 (Sorensen Dec. 7, 2021 Dep. Tr.) 62:8-22 (Q: "And client A bought one hundred shares and client B sold one hundred shares, do you have that in mind?" A: "Yes." Q: "At the end of the day, the custodian would have, assuming it started the day with no shares, it would end the day with no shares, correct?" A: "Correct." Q: "It would have nothing to report to VP Securities, correct?" A: "That is correct.").)

3. And in any event, Ms. Sorensen made clear that her testimony regarding net settlement was premised on the custodian holding shares and that without shares, there would be no dividends paid to the VP Securities account holder. (*See* Weinstein Decl. Ex. 2 (Sorensen Dec. 7, 2021 Dep. Tr.) 27:10-28:25.)

Further, SKAT's interrogatory answer that "company taxes are paid on a balance principle in each company's tax account with SKAT, in which a company's tax liabilities to SKAT are aggregated and offset by any tax credits/refunds due from SKAT to that company" has no conceivable relevance to the issues for trial in these cases. (Weinstein Decl. Ex. 3 at 4.) Nor is it at all relevant that "to the extent a company has credits due from SKAT at the time dividend withholding tax is due, such amounts will offset the amount of withholding tax to be paid." (*Id.*) Defendants previously argued that SKAT's practices in this respect support Dr. Carr's inadmissible opinions because they show "that netting is very common." (Defs. Carr Opp. at 3.) But that argument made little sense on its own terms. And the irrelevance of any such evidence concerning SKAT's collection of taxes on a net basis is even clearer now that Dr. Carr's opinions have been excluded.

Defendants should likewise be precluded from advancing this argument to the jury either through jury addresses or cross-examination of SKAT's witnesses. In their motion to exclude the testimony of SKAT's forensic expert Bruce Dubinsky (which motion the Court denied on August 9, 2024), defendants argued that Mr. Dubinsky lacked sufficient experience with securities transactions, citing, as an example, his description of the transactions at issue as a "closed loop, despite any knowledge of whether it is permissible or impermissible to engage in the net settlement of dematerialized shares – paramount issues in analyzing these sets of structured transactions."[4] Similarly, at SKAT's market practices expert Graham Wade's deposition, defendants questioned Mr. Wade on his understanding of "net settlement" and the circumstances in which it is appropriate. (*See, e.g.*, Weinstein Decl. Ex. 4 (Wade Dep. Tr.)

---

4. *See* Defs. Mem. of Law to Exclude the Proposed Expert Reports, Opinions, and Testimony of Bruce Dubinsky, ECF No. 1064 at 5.

3

281519517_6

294:22-309:16). Any attempt to cross-examine either Mr. Dubinsky or Mr. Wade along these lines would be designed solely to confuse the jury on an issue previously rejected by the Court and should be precluded.

Thus, for the reasons set forth above, SKAT respectfully requests that the Court grant its motion to preclude defendants from offering at trial any argument or cross-examination about "net settlement" as a substitute for the existence of shares, and any evidence intended to support such argument, including testimony about "net settlements" at VP Securities and SKAT's practice of permitting Danish companies to pay taxes on a net basis.

| | |
|---|---|
| Dated: New York, New York<br>August 15, 2024 | HUGHES HUBBARD & REED LLP<br><br>By: /s/ Marc A. Weinstein<br>William R. Maguire<br>Marc A. Weinstein<br>Neil J. Oxford<br>Dustin P. Smith<br>Gregory C. Farrell<br>One Battery Park Plaza<br>New York, New York 10004-1482<br>Telephone: (212) 837-6000<br>Fax: (212) 422-4726<br>bill.maguire@hugheshubbard.com<br>marc.weinstein@hugheshubbard.com<br>neil.oxford@hugheshubbard.com<br>dustin.smith@hugheshubbard.com<br>gregory.farrell@hugheshubbard.com<br><br>*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)* |