UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKAT) TAX REFUND                    18-md-2865 (LAK)
LITIGATION

This paper applies to:        Trial One Cases[1]
------------------------------------x


### MEMORANDUM AND ORDER REGARDING
### DEFENDANTS' PROPOSED SUMMARY EXHIBITS

LEWIS A. KAPLAN, *District Judge.*

The parties have placed before the Court in a letter of December 11, 2024 (Dkt 1249) disputed issues concerning the admissibility of certain of defendants' proposed summary exhibits. This memorandum and order resolves those issues to the extent the present record permits their pretrial resolution.

1. **Summary of Fees Related to Div-Arb Trading Paid to Arnold Porter Kaye Scholer LLP.** The proposed exhibit is or, at least, appears to be a listing of all hours billed and fees paid over a period of more than five years for services relating to what is described as dividend arbitrage trading. It is quite possible that some of the services included in the summary related in one way or another to the so-called Danish "trading" at the heart of this case, although it is undisputed that Kaye

---

[1] 18-cv-07828; 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 18-cv-07827; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 18-cv-07824; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 18-cv-07829; 18-cv-04434; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

Scholer never rendered any advice on Danish law including in particular advice on whether the "trading" resulted in the defendants ever owning any Danish securities. Moreover, it is undisputed that a good deal of the services rendered by Kaye Scholer related to the qualification of pension plans under the Internal Revenue Code and, even more significantly, to defendants' activities with respect to activities in Germany and Belgium that are not at issue in this case and are of limited if any relevance here. Thus, even assuming that evidence of the hours spent and fees billed for legal services rendered in connection with the Danish "trading" were admissible, this exhibit would be vastly overinclusive and unfairly would present a highly distorted picture that would far outweigh any probative value. Had defendants appropriately segregated the time entries for services relating to the Danish "trading" from those related to other activities and presented a summary of those hours and fees attributable to them, the question would appear in a different light. This proposed exhibit is excluded at least under Rule 403, even assuming that some of the services included in this summary related to the Danish "trading". Moreover, defendants' attempt to defend the relevancy of this exhibit by pointing to the fact that plaintiff has proposed jury instructions going to the issue of the qualification of pension plans under U.S. law, whatever its original merit, now has no merit in view of plaintiff's subsequent abandonment of its former claim that at least some pension plans falsely stated that they were qualified plans under U.S. law when in fact they allegedly were not.

2. **Exhibits Regarding Statute of Limitations Arguments.** Plaintiff seeks to exclude multiple exhibits relating to defendants' statute of limitations argument. While defendants seek to defend the relevancy and appropriateness of the exhibits, they "did not supply those exhibits to the Court because they are [in defendants' view] derivative of SKAT's exhibits . . ." (Dkt 1249, at 6). Accordingly, the Court cannot rule on their admissibility *in limine.*

Case 1:18-md-02865-LAK   Document 1357   Filed 01/03/25   Page 3 of 3

3

3. **"Defense Sample Trades (Grayed Out)" Exhibit.** Plaintiff contends that the exhibit "grays out" trades to which, defendants intend to argue, they were not privy, thus rendering the exhibit inadmissible under Fed. R. Evid. 1006 as argumentative. Moreover, Rule 1006 permits receipt in evidence, in relevant part, of summaries "offered to prove the content of voluminous admissible writings . . ." Defendants certainly have not claimed that the selection of the transactions that they have "grayed out" is to be found in the contents of voluminous admissible writings as opposed, for example, to anticipated testimony by defendants concerning transactions in which they did or did not "participate," whatever that may mean, or of which they claim ignorance. Accordingly, the Court declines on the present record to determine that the exhibit is admissible under Rule 1006, although the defendants may raise the issue again at trial on the basis of an appropriate foundation. This of course does not address the question whether this exhibit appropriately could be used as a demonstrative on closing argument.

4. **Exhibits of Purported RJN Capital Pension Plan Trades.** Defendants have failed to establish that these exhibits are summaries of voluminous documents as distinguished from an exposition of the results Dr. Carr's analysis. Accordingly, on the present record, they cannot be said to satisfy Rule 1006. This is without prejudice to defendants laying a sufficient foundation at trial or to any effort to use these exhibits as demonstratives.

SO ORDERED.

Dated:    January 3, 2025

_____
Lewis A. Kaplan
United States District Judge