# Exhibit 8
# Part 2

**(o)    AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I, Adam LaRosa , have read the foregoing Power of Attorney.  I am the person identified therein as agent(s) for the principal named therein.

I acknowledge my legal responsibilities.

Agent(s) sign(s) here:    ==>    _____
                                           Adam LaRosa

                              ==>    _____

STATE OF                    )
                                )    ss:
COUNTY OF                )

On the _____ day of _____, _____, before me, the undersigned, personally appeared Adam LaRosa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**(p) SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the SUCCESSOR agent(s), if any, sign at the same time, nor that multiple SUCCESSOR agents sign at the same time.  Furthermore, successor agents can not use this power of attorney unless the agent(s) designated above is/are unable or unwilling to serve.

I/we, _____, have read the foregoing Power of Attorney.  I am/we are the person(s) identified therein as SUCCESSOR agent(s) for the principal named therein.

Successor Agent(s) sign(s) here:    ==>  _____

                                        ==>  _____

STATE OF _____    )
                                        )    ss:
COUNTY OF _____  )

On the _____ day of _____, _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Page 6 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

## POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

(a)    **CAUTION TO THE PRINCIPAL: Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.**

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

(b)    **DESIGNATION OF AGENT(S):**

**I, Daniel Stein, as Trustee of California Catalog Company Pension Plan**
*(name of principal)*

**40 W 57th St, New York, NY 10019**
*(address of principal)*

hereby appoint:

**Adam LaRosa**
*(name of agent)*

**c/o Argre Management LLC, 40 W 57th St, New York, NY 10019**
*(address of agent)*

_____
*(name of second agent)*

_____
*(address of second agent)*

as my agent(s).

If you designate more than one agent above, they must act together unless you initial the statement below.

(_____) My agents may act SEPARATELY.

Page 1 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

**(c)    DESIGNATION OF SUCCESSOR AGENT(S):** (OPTIONAL)
If any agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

*(name of successor agent)*                    *(address of successor agent)*

_____    _____
*(name of second successor agent),*      *(address of second successor agent)*

Successor agents designated above must act together unless you initial the statement below.

(____) My successor agents may act SEPARATELY.

You may provide for specific succession rules in this section.  Insert specific succession provisions here:

**(d)    This POWER OF ATTORNEY shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".**

**(e)    This POWER OF ATTORNEY DOES NOT REVOKE any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications".**

If you do NOT intend to revoke your prior Powers of Attorney, and if you have granted the same authority in this Power of Attorney as you granted to another agent in a prior Power of Attorney, each agent can act separately unless you indicate under "Modifications" that the agents with the same authority are to act together.

**(f)    GRANT OF AUTHORITY:**
To grant your agent some or all of the authority below, either
(1)    Initial the bracket at each authority you grant, or
(2)    Write or type the letters for each authority you grant on the blank line at (P), and initial the bracket at (P).  If you initial (P), you do not need to initial the other lines.

I grant authority to my agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:

(____) (A) real estate transactions;

(____) (B) chattel and goods transactions;

(____) (C) bond, share, and commodity transactions;

(____) (D) banking transactions;

(____) (E) business operating transactions;

(____) (F) insurance transactions;

(____) (G) estate transactions;

(____) (H) claims and litigation;

(____) (I) personal and family maintenance: If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to individuals, including the agent, and charitable organizations. The total amount of all such gifts in any one calendar year cannot exceed five hundred dollars;

Page 2 of 1

(\_\_\_\_)  (J) benefits from governmental programs or civil or military service;

(\_\_\_\_)  (K) health care billing and payment matters; records, reports, and statements;

(\_\_\_\_)  (L) retirement benefit transactions;

(\_\_\_\_)  (M) tax matters;

(\_\_\_\_)  (N) all other matters;

(\_\_\_\_)  (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

(\_\_\_\_)  (P) EACH of the matters identified by the following letters: _____

  You need not initial the other lines if you initial line (P).

**(g)  MODIFICATIONS:** (OPTIONAL)

  In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent. However, you cannot use this Modifications section to grant your agent authority to make gifts or changes to interests in your property. If you wish to grant your agent such authority, you MUST complete the Statutory Gifts Rider.

  **THE FOREGOING POWER IS HEREBY LIMITED TO THE FOLLOWING ACTIONS AS SHALL BE DIRECTED BY THE PRINCIPAL:** (i) placing orders for the purchase or sale of securities and/or forward sales contracts in accounts in the name of the Principal, (ii) completing, executing and filing related tax reclaim forms on behalf of the Principal, and (iii) completing, executing and filing Treasury International Capital forms on behalf of the Principal, including TIC Form S and TIC Form SLT.

  **THIS POWER OF ATTORNEY REVOKES ANY POWERS OF ATTORNEY PREVIOUSLY EXECUTED BY ME.**

**(h)  CERTAIN GIFT TRANSACTIONS: STATUTORY GIFTS RIDER** (OPTIONAL)

  In order to authorize your agent to make gifts in excess of an annual total of $500 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your agent to make gifts. The preparation of the Statutory Gifts Rider should be supervised by a lawyer.

(\_\_\_\_)  (SGR) I grant my agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this Statutory Power of Attorney.

**(i)  DESIGNATION OF MONITOR(S):** (OPTIONAL)

  If you wish to appoint monitor(s), initial and fill in the section below:

(\_\_\_\_) I wish to designate _____, whose address(es) is (are) _____, as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

**(j)  COMPENSATION OF AGENT(S):** (OPTIONAL)

  Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below. If you wish to define "reasonable compensation", you may do so above,

Page 3 of 1

  WH_MDL_00217750

under "Modifications".

(_____) My agent(s) shall be entitled to reasonable compensation for services rendered.

**(k)    ACCEPTANCE BY THIRD PARTIES:**

I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

**(l)    TERMINATION:**

This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law.

Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

**(m)    SIGNATURE AND ACKNOWLEDGMENT:**

In Witness Whereof I have hereunto signed my name on the ____ day of _____, _____

PRINCIPAL signs here: ====>    CALIFORNIA CATALOG COMPANY PENSION PLAN

By:_____
                    DANIEL STEIN, TRUSTEE

STATE OF                    )
                            )    ss:
COUNTY OF                   )

On the ____ day of _____, _____, before me, the undersigned, personally appeared Daniel Stein, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
                    Notary Public

**(n)    IMPORTANT INFORMATION FOR THE AGENT:**

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:
  (1) act according to any instructions from the principal, or, where there are no instructions, in the principal's best interest;
  (2) avoid conflicts that would impair your ability to act in the principal's best interest;
  (3) keep the principal's property separate and distinct from any assets you own or control, unless otherwise permitted by law;
  (4) keep a record or all receipts, payments, and transactions conducted for the principal; and
  (5) disclose your identity as an agent whenever you act for the principal by writing or printing the

Page 4 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                    **WH_MDL_00217751**

principal's name and signing your own name as "agent" in either of the following manners: (Principal's Name) by (Your Signature) as Agent, or (your signature) as Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to yourself or anyone else unless the principal has specifically granted you that authority in this document, which is either a Statutory Gifts Rider attached to a Statutory Short Form Power of Attorney or a Non-Statutory Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

Liability of agent: The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

Page 5 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

**(o)    AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I, Adam LaRosa , have read the foregoing Power of Attorney.  I am the person identified therein as agent(s) for the principal named therein.

I acknowledge my legal responsibilities.

Agent(s) sign(s) here:    ==>    _____

                                        Adam LaRosa

                              ==>    _____

STATE OF           )
                       )    ss:
COUNTY OF      )

On the _____ day of _____, _____, before me, the undersigned, personally appeared Adam LaRosa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                    _____
                                                    Notary Public

**(p) SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the SUCCESSOR agent(s), if any, sign at the same time, nor that multiple SUCCESSOR agents sign at the same time.  Furthermore, successor agents can not use this power of attorney unless the agent(s) designated above is/are unable or unwilling to serve.

I/we, _____, have read the foregoing Power of Attorney.  I am/we are the person(s) identified therein as SUCCESSOR agent(s) for the principal named therein.

Successor Agent(s) sign(s) here:    ==> _____

                                          ==> _____

STATE OF _____    )
                          )    ss:
COUNTY OF _____ )

On the _____ day of _____, _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                                    _____
                                                    Notary Public

Page 6 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

## POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

(a)    **CAUTION TO THE PRINCIPAL: Your Power of Attorney is an important document.  As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you.  You do not lose your authority to act even though you have given your agent similar authority.**

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest.  "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time.  If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind.  If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you.  You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15.  This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

(b)    **DESIGNATION OF AGENT(S):**

I, Alicia Colodner, as Trustee of
  Delvian LLC Pension Plan                     40 W 57th St, New York, NY  10019
  *(name of principal)*                          *(address of principal)*

hereby appoint:

  Adam LaRosa                                  c/o Argre Management LLC, 40 W 57th St, New
                                               York, NY  10019
  *(name of agent)*                              *(address of agent)*

  _____                    _____

  *(name of second agent)*                     *(address of second agent)*

as my agent(s).

If you designate more than one agent above, they must act together unless you initial the statement below.

(____) My agents may act SEPARATELY.

Page 1 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                    WH_MDL_00217754

**(c)**    **DESIGNATION OF SUCCESSOR AGENT(S):** (OPTIONAL)
If any agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

*(name of successor agent)*                    *(address of successor agent)*

_____         _____
*(name of second successor agent),*          *(address of second successor agent)*

Successor agents designated above must act together unless you initial the statement below.

(_____) My successor agents may act SEPARATELY.

You may provide for specific succession rules in this section. Insert specific succession provisions here:

**(d)**    **This POWER OF ATTORNEY shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".**

**(e)**    **This POWER OF ATTORNEY DOES NOT REVOKE any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications".**

If you do NOT intend to revoke your prior Powers of Attorney, and if you have granted the same authority in this Power of Attorney as you granted to another agent in a prior Power of Attorney, each agent can act separately unless you indicate under "Modifications" that the agents with the same authority are to act together.

**(f)**    **GRANT OF AUTHORITY:**
To grant your agent some or all of the authority below, either
      (1)    Initial the bracket at each authority you grant, or
      (2)    Write or type the letters for each authority you grant on the blank line at (P), and
           initial the bracket at (P). If you initial (P), you do not need to initial the other lines.

I grant authority to my agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:

(_____) (A) real estate transactions;

(_____) (B) chattel and goods transactions;

(_____) (C) bond, share, and commodity transactions;

(_____) (D) banking transactions;

(_____) (E) business operating transactions;

(_____) (F) insurance transactions;

(_____) (G) estate transactions;

(_____) (H) claims and litigation;

(_____) (I) personal and family maintenance: If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to individuals, including the agent, and charitable organizations. The total amount of all such gifts in any one calendar year cannot exceed five hundred dollars;

Page 2 of 1

(\_\_\_\_) (J) benefits from governmental programs or civil or military service;

(\_\_\_\_) (K) health care billing and payment matters; records, reports, and statements;

(\_\_\_\_) (L) retirement benefit transactions;

(\_\_\_\_) (M) tax matters;

(\_\_\_\_) (N) all other matters;

(\_\_\_\_) (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

(\_\_\_\_) (P) EACH of the matters identified by the following letters:

    You need not initial the other lines if you initial line (P).

**(g)    MODIFICATIONS:** (OPTIONAL)

    In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent. However, you cannot use this Modifications section to grant your agent authority to make gifts or changes to interests in your property. If you wish to grant your agent such authority, you MUST complete the Statutory Gifts Rider.

    **THE FOREGOING POWER IS HEREBY LIMITED TO THE FOLLOWING ACTIONS AS SHALL BE DIRECTED BY THE PRINCIPAL:** (i) placing orders for the purchase or sale of securities and/or forward sales contracts in accounts in the name of the Principal, (ii) completing, executing and filing related tax reclaim forms on behalf of the Principal, and (iii) completing, executing and filing Treasury International Capital forms on behalf of the Principal, including TIC Form S and TIC Form SLT.

    **THIS POWER OF ATTORNEY REVOKES ANY POWERS OF ATTORNEY PREVIOUSLY EXECUTED BY ME.**

**(h)    CERTAIN GIFT TRANSACTIONS: STATUTORY GIFTS RIDER** (OPTIONAL)

    In order to authorize your agent to make gifts in excess of an annual total of $500 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your agent to make gifts. The preparation of the Statutory Gifts Rider should be supervised by a lawyer.

(\_\_\_\_) (SGR) I grant my agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this Statutory Power of Attorney.

**(i)    DESIGNATION OF MONITOR(S):** (OPTIONAL)

    If you wish to appoint monitor(s), initial and fill in the section below:

(\_\_\_\_) I wish to designate _____, whose address(es) is (are) _____, as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

**(j)    COMPENSATION OF AGENT(S):** (OPTIONAL)

    Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below. If you wish to define "reasonable compensation", you may do so above,

Page 3 of 1

under "Modifications".

(_____) My agent(s) shall be entitled to reasonable compensation for services rendered.

**(k)    ACCEPTANCE BY THIRD PARTIES:**

I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

**(l)    TERMINATION:**

This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law.

Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

**(m)    SIGNATURE AND ACKNOWLEDGMENT:**

In Witness Whereof I have hereunto signed my name on the ____ day of _____, _____

PRINCIPAL signs here: ====>    DELVIAN LLC PENSION PLAN

By:_____
        ALICIA COLODNER, TRUSTEE

STATE OF                   )
                           )    ss:
COUNTY OF                  )

On the ____ day of _____, _____, before me, the undersigned, personally appeared Alicia Colodner, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
        Notary Public

**(n)    IMPORTANT INFORMATION FOR THE AGENT:**

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:
(1) act according to any instructions from the principal, or, where there are no instructions, in the principal's best interest;
(2) avoid conflicts that would impair your ability to act in the principal's best interest;
(3) keep the principal's property separate and distinct from any assets you own or control, unless otherwise permitted by law;
(4) keep a record or all receipts, payments, and transactions conducted for the principal; and
(5) disclose your identity as an agent whenever you act for the principal by writing or printing the

Page 4 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

principal's name and signing your own name as "agent" in either of the following manners: (Principal's Name) by (Your Signature) as Agent, or (your signature) Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to yourself or anyone else unless the principal has specifically granted you that authority in this document, which is either a Statutory Gifts Rider attached to a Statutory Short Form Power of Attorney or a Non-Statutory Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

Liability of agent: The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                    WH_MDL_00217758

**(o)    AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I, Adam LaRosa , have read the foregoing Power of Attorney.  I am the person identified therein as agent(s) for the principal named therein.

I acknowledge my legal responsibilities.

Agent(s) sign(s) here:        ==>  _____

                              Adam LaRosa

                         ==>  _____

STATE OF          )
                  )    ss:
COUNTY OF         )

On the _____ day of _____, _____, before me, the undersigned, personally appeared Adam LaRosa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**(p) SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the SUCCESSOR agent(s), if any, sign at the same time, nor that multiple SUCCESSOR agents sign at the same time.  Furthermore, successor agents can not use this power of attorney unless the agent(s) designated above is/are unable or unwilling to serve.

I/we, _____, have read the foregoing Power of Attorney.  I am/we are the person(s) identified therein as SUCCESSOR agent(s) for the principal named therein.

Successor Agent(s) sign(s) here:    ==>  _____

                               ==>  _____

STATE OF _____   )
                       )    ss:
COUNTY OF _____  )

On the _____ day of _____, _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Page 6 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

# POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

**(a)** **CAUTION TO THE PRINCIPAL: Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.**

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

**(b)** **DESIGNATION OF AGENT(S):**

| | |
|---|---|
| **I, Alexander Chatfield Burns, as Trustee of Raubritter LLC Pension Plan** | 40 W 57th St, New York, NY 10019 |
| *(name of principal)* | *(address of principal)* |

hereby appoint:

| | |
|---|---|
| **Adam LaRosa** | c/o Argre Management LLC, 40 W 57th St, New York, NY 10019 |
| *(name of agent)* | *(address of agent)* |

| | |
|---|---|
| _____ | _____ |
| *(name of second agent)* | *(address of second agent)* |

as my agent(s).

If you designate more than one agent above, they must act together unless you initial the statement below.

(_____) My agents may act SEPARATELY.

Page 1 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER    WH_MDL_00217760

**(c)   DESIGNATION OF SUCCESSOR AGENT(S):** (OPTIONAL)
If any agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

_____          _____
(*name of successor agent*)                        (*address of successor agent*)

_____          _____
(*name of second successor agent*),        (*address of second successor agent*)

Successor agents designated above must act together unless you initial the statement below.

(_____) My successor agents may act SEPARATELY.

You may provide for specific succession rules in this section.  Insert specific succession provisions here:

**(d)   This POWER OF ATTORNEY shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".**

**(e)   This POWER OF ATTORNEY DOES NOT REVOKE any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications".**

If you do NOT intend to revoke your prior Powers of Attorney, and if you have granted the same authority in this Power of Attorney as you granted to another agent in a prior Power of Attorney, each agent can act separately unless you indicate under "Modifications" that the agents with the same authority are to act together.

**(f)   GRANT OF AUTHORITY:**
To grant your agent some or all of the authority below, either
     (1)   Initial the bracket at each authority you grant, or
     (2)   Write or type the letters for each authority you grant on the blank line at (P), and
            initial the bracket at (P).  If you initial (P), you do not need to initial the other lines.

I grant authority to my agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:

(_____)   (A) real estate transactions;

(_____)   (B) chattel and goods transactions;

(_____)   (C) bond, share, and commodity transactions;

(_____)   (D) banking transactions;

(_____)   (E) business operating transactions;

(_____)   (F) insurance transactions;

(_____)   (G) estate transactions;

(_____)   (H) claims and litigation;

(_____)   (I) personal and family maintenance: If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to individuals, including the agent, and charitable organizations. The total amount of all such gifts in any one calendar year cannot exceed five hundred dollars;

Page 2 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00217761

(_____)  (J) benefits from governmental programs or civil or military service;

(_____)  (K) health care billing and payment matters; records, reports, and statements;

(_____)  (L) retirement benefit transactions;

(_____)  (M) tax matters;

(_____)  (N) all other matters;

(_____)  (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

(_____)  (P) EACH of the matters identified by the following letters: _____

You need not initial the other lines if you initial line (P).

**(g)    MODIFICATIONS:** (OPTIONAL)

In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent. However, you cannot use this Modifications section to grant your agent authority to make gifts or changes to interests in your property. If you wish to grant your agent such authority, you MUST complete the Statutory Gifts Rider.

**THE FOREGOING POWER IS HEREBY LIMITED TO THE FOLLOWING ACTIONS AS SHALL BE DIRECTED BY THE PRINCIPAL:** (i) placing orders for the purchase or sale of securities and/or forward sales contracts in accounts in the name of the Principal, (ii) completing, executing and filing related tax reclaim forms on behalf of the Principal, and (iii) completing, executing and filing Treasury International Capital forms on behalf of the Principal, including TIC Form S and TIC Form SLT.

**THIS POWER OF ATTORNEY REVOKES ANY POWERS OF ATTORNEY PREVIOUSLY EXECUTED BY ME.**

**(h)    CERTAIN GIFT TRANSACTIONS: STATUTORY GIFTS RIDER** (OPTIONAL)

In order to authorize your agent to make gifts in excess of an annual total of $500 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your agent to make gifts. The preparation of the Statutory Gifts Rider should be supervised by a lawyer.

(_____)  (SGR) I grant my agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this Statutory Power of Attorney.

**(i)    DESIGNATION OF MONITOR(S):** (OPTIONAL)

If you wish to appoint monitor(s), initial and fill in the section below:

(_____) I wish to designate _____, whose address(es) is (are) _____, as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

**(j)    COMPENSATION OF AGENT(S):** (OPTIONAL)

Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below. If you wish to define "reasonable compensation", you may do so above,

Page 3 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

under "Modifications".

(_____) My agent(s) shall be entitled to reasonable compensation for services rendered.

**(k)     ACCEPTANCE BY THIRD PARTIES:**

I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

**(l)     TERMINATION:**

This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law.

Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

**(m)     SIGNATURE AND ACKNOWLEDGMENT:**

In Witness Whereof I have hereunto signed my name on the _____ day of _____, _____

PRINCIPAL signs here: ====>     RAUBRITTER LLC PENSION PLAN

By:_____
ALEXANDER CHATFIELD BURNS, TRUSTEE

STATE OF                    )
                           )   ss:
COUNTY OF                   )

On the _____ day of _____, _____, before me, the undersigned, personally appeared Alexander Chatfield Burns, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**(n)     IMPORTANT INFORMATION FOR THE AGENT:**

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:
  (1) act according to any instructions from the principal, or, where there are no instructions, in the principal's best interest;
  (2) avoid conflicts that would impair your ability to act in the principal's best interest;
  (3) keep the principal's property separate and distinct from any assets you own or control, unless otherwise permitted by law;
  (4) keep a record or all receipts, payments, and transactions conducted for the principal; and
  (5) disclose your identity as an agent whenever you act for the principal by writing or printing the

Page 4 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

principal's name and signing your own name as "agent" in either of the following manners: (Principal's Name) by (Your Signature) as Agent, or (your signature) as Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to yourself or anyone else unless the principal has specifically granted you that authority in this document, which is either a Statutory Gifts Rider attached to a Statutory Short Form Power of Attorney or a Non-Statutory Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

Liability of agent: The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00217764

**(o)    AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I, Adam LaRosa , have read the foregoing Power of Attorney. I am the person identified therein as agent(s) for the principal named therein.

I acknowledge my legal responsibilities.

Agent(s) sign(s) here:        ==>    _____
                                              Adam LaRosa

                                      ==>    _____

STATE OF                    )
                                  )    ss:
COUNTY OF                )

On the _____ day of _____, _____, before me, the undersigned, personally appeared Adam LaRosa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                      _____
                                      Notary Public

**(p) SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the SUCCESSOR agent(s), if any, sign at the same time, nor that multiple SUCCESSOR agents sign at the same time. Furthermore, successor agents can not use this power of attorney unless the agent(s) designated above is/are unable or unwilling to serve.

I/we, _____, have read the foregoing Power of Attorney. I am/we are the person(s) identified therein as SUCCESSOR agent(s) for the principal named therein.

Successor Agent(s) sign(s) here:    ==>    _____

                                      ==>    _____

STATE OF _____    )
                                  )    ss:
COUNTY OF _____    )

On the _____ day of _____, _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                      _____
                                      Notary Public

Page 6 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00217765

## POWER OF ATTORNEY
## NEW YORK STATUTORY SHORT FORM

(a)    **CAUTION TO THE PRINCIPAL: Your Power of Attorney is an important document. As the "principal," you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.**

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

(b)    **DESIGNATION OF AGENT(S):**

**I, Thomas Bergerson, as Trustee of Rajan Investments LLC Pension Plan**

**40 W 57th St, New York, NY  10019**

*(name of principal)*                          *(address of principal)*

hereby appoint:

**Adam LaRosa**

**c/o Argre Management LLC, 40 W 57th St, New York, NY  10019**

*(name of agent)*                             *(address of agent)*

_____            _____

*(name of second agent)*                      *(address of second agent)*

as my agent(s).

If you designate more than one agent above, they must act together unless you initial the statement below.

(_____) My agents may act SEPARATELY.

Page 1 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

**(c)**    **DESIGNATION OF SUCCESSOR AGENT(S):** (OPTIONAL)
If any agent designated above is unable or unwilling to serve, I appoint as my successor agent(s):

*(name of successor agent)*                    *(address of successor agent)*

_____    _____
*(name of second successor agent),*        *(address of second successor agent)*

Successor agents designated above must act together unless you initial the statement below.

(_____) My successor agents may act SEPARATELY.

You may provide for specific succession rules in this section. Insert specific succession provisions here:

**(d)**    **This POWER OF ATTORNEY shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".**

**(e)**    **This POWER OF ATTORNEY DOES NOT REVOKE any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications".**

If you do NOT intend to revoke your prior Powers of Attorney, and if you have granted the same authority in this Power of Attorney as you granted to another agent in a prior Power of Attorney, each agent can act separately unless you indicate under "Modifications" that the agents with the same authority are to act together.

**(f)**    **GRANT OF AUTHORITY:**
To grant your agent some or all of the authority below, either
      (1)    Initial the bracket at each authority you grant, or
      (2)    Write or type the letters for each authority you grant on the blank line at (P), and
            initial the bracket at (P).  If you initial (P), you do not need to initial the other lines.

I grant authority to my agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:

(_____) (A) real estate transactions;

(_____) (B) chattel and goods transactions;

(_____) (C) bond, share, and commodity transactions;

(_____) (D) banking transactions;

(_____) (E) business operating transactions;

(_____) (F) insurance transactions;

(_____) (G) estate transactions;

(_____) (H) claims and litigation;

(_____) (I) personal and family maintenance: If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to individuals, including the agent, and charitable organizations. The total amount of all such gifts in any one calendar year cannot exceed five hundred dollars;

Page 2 of 1

(____) (J) benefits from governmental programs or civil or military service;

(____) (K) health care billing and payment matters; records, reports, and statements;

(____) (L) retirement benefit transactions;

(____) (M) tax matters;

(____) (N) all other matters;

(____) (O) full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

(____) (P) EACH of the matters identified by the following letters: _____

You need not initial the other lines if you initial line (P).

**(g)   MODIFICATIONS: (OPTIONAL)**

In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent. However, you cannot use this Modifications section to grant your agent authority to make gifts or changes to interests in your property. If you wish to grant your agent such authority, you MUST complete the Statutory Gifts Rider.

**THE FOREGOING POWER IS HEREBY LIMITED TO THE FOLLOWING ACTIONS AS SHALL BE DIRECTED BY THE PRINCIPAL:** (i) placing orders for the purchase or sale of securities and/or forward sales contracts in accounts in the name of the Principal, (ii) completing, executing and filing related tax reclaim forms on behalf of the Principal, and (iii) completing, executing and filing Treasury International Capital forms on behalf of the Principal, including TIC Form S and TIC Form SLT.

**THIS POWER OF ATTORNEY REVOKES ANY POWERS OF ATTORNEY PREVIOUSLY EXECUTED BY ME.**

**(h)   CERTAIN GIFT TRANSACTIONS: STATUTORY GIFTS RIDER** (OPTIONAL)

In order to authorize your agent to make gifts in excess of an annual total of $500 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your agent to make gifts. The preparation of the Statutory Gifts Rider should be supervised by a lawyer.

(____) (SGR) I grant my agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this Statutory Power of Attorney.

**(i)   DESIGNATION OF MONITOR(S): (OPTIONAL)**

If you wish to appoint monitor(s), initial and fill in the section below:

(____) I wish to designate _____, whose address(es) is (are) _____, as monitor(s). Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

**(j)   COMPENSATION OF AGENT(S): (OPTIONAL)**

Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below. If you wish to define "reasonable compensation", you may do so above,

Page 3 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

under "Modifications".

(_____) My agent(s) shall be entitled to reasonable compensation for services rendered.

**(k)    ACCEPTANCE BY THIRD PARTIES:**

I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

**(l)    TERMINATION:**

This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law.

Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

**(m)    SIGNATURE AND ACKNOWLEDGMENT:**

In Witness Whereof I have hereunto signed my name on the ____ day of _____, _____

PRINCIPAL signs here: ====>    RAJAN INVESTMENTS LLC PENSION PLAN

By:_____
        THOMAS BERGERSON , TRUSTEE

STATE OF                        )
                               )    ss:
COUNTY OF                       )

On the ____ day of _____, _____, before me, the undersigned, personally appeared Thomas Bergerson, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**(n)    IMPORTANT INFORMATION FOR THE AGENT:**

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:
  (1) act according to any instructions from the principal, or, where there are no instructions, in the
        principal's best interest;
  (2) avoid conflicts that would impair your ability to act in the principal's best interest;
  (3) keep the principal's property separate and distinct from any assets you own or control, unless
        otherwise permitted by law;
  (4) keep a record or all receipts, payments, and transactions conducted for the principal; and
  (5) disclose your identity as an agent whenever you act for the principal by writing or printing the

Page 4 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

principal's name and signing your own name as "agent" in either of the following manners: (Principal's Name) by (Your Signature) as Agent, or (your signature) as Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to yourself or anyone else unless the principal has specifically granted you that authority in this document, which is either a Statutory Gifts Rider attached to a Statutory Short Form Power of Attorney or a Non-Statutory Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

Liability of agent: The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

Page 5 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

**(o)     AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I, Adam LaRosa , have read the foregoing Power of Attorney.  I am the person identified therein as agent(s) for the principal named therein.

I acknowledge my legal responsibilities.

Agent(s) sign(s) here:      ==>    _____

                                              Adam LaRosa

                                     ==>    _____

STATE OF                        )
                                     )       ss:
COUNTY OF                     )

On the _____ day of _____, _____, before me, the undersigned, personally appeared Adam LaRosa, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                     _____
                                     Notary Public

**(p) SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:**

It is not required that the principal and the SUCCESSOR agent(s), if any, sign at the same time, nor that multiple SUCCESSOR agents sign at the same time.  Furthermore, successor agents can not use this power of attorney unless the agent(s) designated above is/are unable or unwilling to serve.

I/we, _____, have read the foregoing Power of Attorney.  I am/we are the person(s) identified therein as SUCCESSOR agent(s) for the principal named therein.

Successor Agent(s) sign(s) here:     ==>   _____

                                                    ==>   _____

STATE OF _____    )
                                     )       ss:
COUNTY OF _____    )

On the _____ day of _____, _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                     _____
                                     Notary Public

Page 6 of 1

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER